DLD-124                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1278
_____

IN RE:  LOUIS NEPTUNE,
                                                 Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3:17-cv-12057)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 18, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: March 25, 2021)
_____

OPINION*
_____

PER CURIAM

Louis Neptune, proceeding pro se and in forma pauperis, has filed a petition for a

writ of mandamus requesting that we direct the Chief of Police of East Orange, New

Jersey, to "instruct [her] detectives to take a police report of a crime perpetrated against"

Neptune. For the following reasons, we will deny Neptune's petition.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In November 2017, Neptune brought a civil rights action against various officials in the Middlesex County Prosecutor's Office and Sherriff's Department for, among other things, his alleged "fake arrest on September 3, 2016." Am. Compl. at 7, ECF No. 16. After the District Court dismissed his complaint with further leave to amend, Neptune filed a second amended complaint past the set deadlines, and the District Court refused to accept it. See Mem. & Order, ECF Nos. 45 & 46. Neptune later filed a motion to reopen that judgment, which the District Court denied, and Neptune's subsequent appeal remains pending in this Court. See Neptune v. Carey, et al., No. 20-3026 (3d Cir. Feb. 26, 2021).

The instant petition for writ of mandamus bears a tangential relationship to Neptune's underlying complaint. In his petition, Neptune alleges that on some unknown date, he ordered "a plate of oxtail" from a takeout restaurant in East Orange, New Jersey. See Petition at 1, ¶ 2. He claims that an unnamed employee then "disappeared with his order for quite a while" before he received it. Id. He also claims this employee "had a long bandaid gauze on her arm," which he alleges was later found in the food he ordered. Id. at ¶¶ 2–3. Neptune says that he contacted Phyllis Bindi, Chief of the East Orange Police Department, via email to report this incident, but received no response. Id. at ¶ 3.

Neptune's petition goes on to suggest that Chief Bindi, New Jersey Attorney General Gurbir Grewal, and former Middlesex County Prosecutor Andrew Carey (a defendant in Neptune's civil rights action) have engaged in a conspiracy against him, including telling the takeout employee to "tamper with" his food and having "personal goons" give the employee "a heads up so they can get their story straight to try and

2

discredit" Neptune. <u>See</u> <u>id.</u> at 2, ¶¶ 5–12. He asks this Court to instruct Chief Bindi and Attorney General Grewal to file a police report against the unnamed employee. <u>Id.</u> at ¶ 11.

A writ of mandamus is a drastic remedy available only in extraordinary cases. <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) 'no other adequate means [exist] to attain the relief he desires, (2) the party's 'right to issuance of the writ is "clear and indisputable,"' and (3) 'the writ is appropriate under the circumstances.'" <u>Hollingsworth v. Perry</u>, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (quoting <u>Cheney v. U.S. Dist. Ct. for D.C.</u>, 542 U.S. 367, 380–81 (2004)). In assessing the third factor of the writ's propriety under the circumstances, we must pay special attention to the separation of powers and federal-state relations. <u>See</u> <u>Cheney</u>, 542 U.S. at 381.

Here, Neptune's request that we direct a local police department to investigate a particular "crime perpetrated against" Neptune not only fails to satisfy the requisite showing but runs afoul of these important guiding principles. Neptune has alleged only that he sent an email to the chief of police to report this incident. He has not detailed any other steps he took to seek assistance from law enforcement or, for example, to report the incident to the health department. Thus, he has not shown that no other adequate means exist to attain his desired relief. Moreover, the incident to which Neptune refers—a dispute over a restaurant's sanitation practices—would not establish a clear and indisputable right to the writ. Finally, the writ would not be appropriate in any case, as it

3

might "result in the intrusion by the federal judiciary on a delicate area of federal-state relations." Id. (internal quotation marks and citation omitted); cf. Rizzo v. Goode, 423 U.S. 362, 381 (1976) (Blackmun, J., dissenting) ("[F]ederal-court intervention in the daily operation of a large city's police department . . . is undesirable and to be avoided if at all possible."); Lewis v. Hyland, 554 F.2d 93, 95 (3d Cir. 1977).

Accordingly, we will deny Neptune's petition for writ of mandamus.